IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RAWLE LAICHAN PERSAD,              §
                                  §
            Petitioner,            §
                                  §
v.                                §        CIVIL ACTION NO. H-09-1013
                                  §
SANDRA M. HEATHMAN, *et al.*,      §
                                  §
            Respondent.            §

## MEMORANDUM AND ORDER

Rawle Laichan Persad (A#31-227-178) is reportedly in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") division, awaiting his removal from the United States. He has filed a petition for relief from an administrative order of removal and he seeks a stay of deportation. (Docs. # 1, # 2). After reviewing all of the pleadings and the applicable law, the Court concludes that the petition must be dismissed for reasons discussed briefly below.

## I.    DISCUSSION

Persad does not provide any information about his citizenship or nationality, other than to say that he is facing imminent deportation from the United States as the result of an administrative order of removal that was entered against him by an immigration judge. Persad reports that he was convicted of an undisclosed felony offense in 1997. He received a three-year prison sentence as a result of that conviction. In 1999, an immigration judge entered an order of removal against Persad after finding that his conviction constituted a

"crime of violence" under the immigration statutes.  Persad challenged the order of removal with the Board of Immigration of Appeals (the "BIA").  In October of 2003, the BIA voted to remand Persad's case for additional proceedings in light of *INS v. St. Cyr*, 533 U.S. 289 (2001), which concerned the retroactive application of certain immigration statutes.

Upon remand, the immigration judge terminated the proceedings against Persad, finding that his conviction did not constitute a crime of violence under the law in effect at the time of the offense.  The Department of Homeland Security ("DHS") appealed that decision.  Persad does not provide any information about the result of that appeal.  Persad reports, however, that the DHS eventually filed a voluntary motion to remand the case in April of 2005, so that additional charges or grounds of removability could be lodged against him before the immigration judge.   The BIA granted the motion and the case was remanded to address the new charges.  Following this remand, the DHS alleged that Persad was subject to removal based on his conviction for an "aggravated felony" as that term is defined by the immigration statutes.  The immigration judge agreed and, on January 6, 2006, entered a new removal order against Persad.  Persad does not disclose whether he filed an appeal from that order.  According to the pleadings, however, the removal order has become final and Persad is scheduled for deportation from the United States on April 6, 2009.

Persad disputes that he was convicted of an aggravated felony for purposes of the governing immigration statutes.  Therefore, Persad contends that his removal order was incorrect and that he is entitled to relief from the immigration judge's decision.  Persad also contends that he is entitled to relief in the form of cancellation of removal.  On April 2, 2009,

Persad filed a motion with the BIA to reopen his removal proceeding and he requested a stay of removal pending the resolution of his motion to reopen.  (Doc. # 1, Exhibit A). On April 3, 2009, the BIA concluded that there was "little likelihood" that Persad's motion to reopen would be granted and it denied his request for a stay of removal.  (Doc. # 1, Exhibit B).

Invoking 8 U.S.C. § 1252, which governs judicial review of removal orders, the federal habeas corpus statute found at 28 U.S.C. § 2241, and the "All Writs Act," 28 U.S.C. § 1651, Persad now seeks an order from this Court to stay his removal.  Persad is not entitled to relief for reasons set forth briefly below.

Persad's motion to reopen appears to constitute a collateral attack on the existing removal order.  Thus, Persad's petition for relief and his request for a stay implicitly challenge the validity of the removal order that was entered against him.  This Court lacks jurisdiction to consider a challenge to the order of removal under the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a).[1]  The REAL ID Act "divested district courts of

---

[1]   Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), has amended the immigration statutes governing judicial review, codified at 8 U.S.C. § 1252(a), by adding the following jurisdictional restriction which makes a petition for review to the applicable circuit court of appeals the "sole and exclusive means of judicial review" for orders of removal:

> Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section.

(continued...)

jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)).  Because the REAL ID Act precludes jurisdiction over habeas petitions of the sort filed by Persad, or requests for relief under the All Writs Act, this Court has no authority to consider his claims or to stay removal.

Persad does not allege or show that any valid basis for jurisdiction exists. Accordingly, his request for a stay of removal will be denied and his petition will be dismissed for lack of jurisdiction.

## II.   <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.      The petition for a stay of removal (Docs. # 1, # 2) is **DENIED**.

2.      This case is **DISMISSED** for lack of jurisdiction.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on April 6, 2009.

Nancy F. Atlas
United States District Judge

---

[1](...continued)
        8 U.S.C. § 1252(a)(5).

4